# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH NOWLIN, | CASE NO. 1:10-cv-01100 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| D. TURNER, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

## II. Plaintiff's Claims

The events at issue in this action occurred at the California Correctional Institution at Tehachapi (CCI), where Plaintiff was housed at the time. Plaintiff names as defendants the following individuals employed by the California Department of Corrections and Rehabilitation at CCI: Warden Gonzales, Sergeant R. Dunn; Correctional Officer (C/O) Turner; C/O Serna. Plaintiff claims that defendants deliberately subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment. Specifically, Plaintiff alleges that defendants disregarded Plaintiff's serious medical condition, resulting in injury to Plaintiff.

Plaintiff alleges that on May 11, 2009, he was questioned by institutional investigators about a murder that occurred at CCI. Plaintiff refused to speak without an attorney present. Plaintiff alleges that this "angered" the officials and as a result, they ignored Plaintiff's lower bunk and lower tier chrono. Plaintiff also alleges that "they" took away his walking cane, orthopedic shoes and mobility vest. Plaintiff alleges that he suffers from "crushed heels" and therefore has a medical chrono authorizing him to be housed on a lower tier and a lower bunk, in order to minimize stairs and climbing into an upper bunk.

Plaintiff alleges that on May 13, 2009, he was placed in an "unsafe cell" by officers. From May 13 through 19, 2009, Plaintiff attempted to be moved to the lower tier and assigned a lower bunk. Plaintiff alleges that he showed his medical chrono to "all officers and nurses." Plaintiff then alleges that "the above named officers subjected Plaintiff to unnecessary pain every time he had to jump up or down from his top bunk with both heels previously crushed and metal reconstructing his feet."

Plaintiff alleges that "numerous times" he was offered a cell move if he would cooperate with investigators. As a result of not cooperating, Plaintiff was forced to navigate stairs. On May 19, 2009, Plaintiff fell down the stairs, "pinching a ciatic [sic] nerve cracking open his head and a week later losing vision in his right eye due to the swelling from the head trauma from the fall." On May 20, 2009, Plaintiff was moved to the lower tier and assigned a lower bunk, and his cane, orthopedic shoes and vest were returned to him.

///

A.     **<u>Eighth Amendment</u>**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Under Foster v. Runnels, 554 F.3d 807 (9th Cir. 2009), an inmate seeking to prove an Eighth Amendment violation must "objectively show that he was deprived of something 'sufficiently serious,' and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Id. at 812 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The second step, showing "deliberate indifference," involves a two part inquiry. First, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety. Farmer, 511 U.S. at 837. This part of our inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious. See id. at 842. ("[A] factfinder may conclude that a prison official knew of a substantial risk [to a prisoner's health] from the very fact that the risk was obvious.") Second, the inmate must show that the prison officials had no "reasonable" justification for the deprivation, in spite of that risk. See id. at 844. ('[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.").

Here, Plaintiff has alleged facts indicating that he was subjected to deliberate indifference. Forcing Plaintiff to use the stairs and depriving him of his lower bunk assignment, cane and orthopedic shoes constitutes a sufficiently serious deprivation. Plaintiff has not, however, charged each individual with conduct that constitutes deliberate indifference. Specifically, Plaintiff has not

alleged who has caused Plaintiff's injury. Plaintiff refers to correctional staff in general, alleging that "officers" subjected him to dangerous conditions. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Further, Plaintiff names as a defendant the Warden at CCI. Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts suggesting personal involvement by the Warden.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.

1  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

2       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

   IT IS SO ORDERED.

   Dated:   **December 12, 2011**            /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE